UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRIS RAYDOS,

                           Plaintiff(s),              **ANSWER AND JURY DEMAND**

vs.                                                        Index No. 08 CV 0004A

COHEN & SLAMOWITZ, LLP & METRO
PORTFOLIOS, INC.

                           Defendant(s).

---

Defendants, COHEN AND SLAMOWITZ, LLP and METRO PORTFOLIOS, INC., by and through their attorneys, Smith, Sovik, Kendrick, and Sugnet, P.C., in answer to plaintiff's complaint, state the following:

1. This paragraph contains plaintiff's characterizations of his claims. No response is required. To the extent a response is required, defendants **DENY** the allegations contained in paragraph 1 of the plaintiff's complaint.

2. Paragraphs "2", "3", and "4" of the plaintiff's complaint contain conclusions of law. No response is required. To the extent a response is required, defendants **DENY** the allegations contained in paragraphs "2", "3", and "4" of the plaintiff's complaint.

3. **DENY KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the allegations contained in paragraphs "5", "17", "18", and "19" of the plaintiff's complaint.

4. **ADMIT** to the allegations contained in paragraphs "6", "13", "14", "15", "16", and "20" of the plaintiff's complaint.

5. Defendants **ADMIT** that it is a corporation duly organized under the laws of the

State of New York, but otherwise **DENY** the allegations contained in paragraph "7" of the plaintiff's complaint.

6. Defendant, Cohen & Slamowitz, LLP, **ADMITS** to the allegations contained in paragraph "8" of the plaintiff's complaint. Defendant, Metro Portfolios, Inc., **DENIES** the allegations contained in paragraph "8" of the plaintiff's complaint.

7. Paragraph "9" of the plaintiff's complaint contains conclusions of law. No response is required. To the extent a response is required, defendants **DENY KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "9" of the plaintiff's complaint.

8. Paragraph "10" of the plaintiff's complaint contains plaintiff's characterization of his claims. No response is required.

9. Paragraphs "11" and "12" of the plaintiff's complaint contain legal conclusions. No response is required. To the extent a response is required, defendants **ADMIT** to the allegations contained in paragraphs "11" and "12" of the plaintiff's complaint.

10. **ADMIT** to the allegations contained in paragraph "20" of the plaintiff's complaint.

11. **ADMIT** to the allegations contained in paragraph "21" that defendant, Cohen & Slamowitz, LLP, filed a lawsuit to collect the subject debt.

12. **DENY** the allegations contained in paragraphs "22", "23", "24", "26", "27", "30", and "31" of the plaintiff's complaint.

13. Defendants **DENY** the allegations contained in paragraph "25" of the plaintiff's complaint as set forth by the plaintiff. Defendants **ADMIT** that plaintiff was informed that judgment had been entered against him.

14. Defendants **DENY** the allegations contained in paragraph "28" of the plaintiff's complaint as set forth by the plaintiff. Defendants **ADMIT** that plaintiff sent defendants a letter in November of 2007.

15. **DENY** the allegations contained in paragraph "29" of the plaintiff's complaint as set forth by the plaintiff. Defendants **ADMIT** they attempted to enforce the judgment entered against plaintiff.

16. **REPEATS AND REALLEGES** each and every response to the allegations contained in paragraphs "1" through "31" of plaintiffs' complaint with the same force and effect as if repeated herein at length.

17. **DENY** the allegations contained in paragraphs "33", "34", "35", and "36" of the plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. The complaint fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19. Defendants did not violate, in whole or in part, any provision of the FDCPA.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20. To the extent that a violation of any provision of 15 U.S.C. 1692 occurred, such violation was not intentional and resulted from a bona fide error notwithstanding reasonable procedure adopted to avoid any such error.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21. Plaintiff is precluded by the doctrine of waiver and estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. Plaintiff has failed to mitigate his damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     At all times mentioned and described in plaintiff's complaint, the answering defendants acted in a reasonable manner, with probable cause, in good faith, without notice and their actions were justified.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     All state causes of action are barred by federal preemption.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.     No act or failure to act on the part of the defendants was a substantial factor in causing any damage to plaintiff.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claims are barred by applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.     Any damages caused or sustained by plaintiff were caused by the acts of a third party over which defendants have no control or are not responsible.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.     Plaintiff's damages must be reduced by his comparative negligence.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29.     Upon information and belief, plaintiff has brought this action in bad faith and for the purpose of harassment. As such, defendants ask that the Court award defendants their

attorney's fees and costs pursuant to 15 U.S.C.S. § 1962k.

## JURY DEMAND

Demand is made for a jury trial on all issues.

**WHEREFORE**, defendants demand judgment dismissing plaintiff's complaint, together with the costs and disbursements of this action.

DATED: February 10, 2008      SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By: _____
Daniel R. Ryan, Esq.
Attorneys for Defendants
250 South Clinton Street, Suite 600
Syracuse, New York 13202
(315) 474-2911

TO:   Amanda R. Jordan, Esq.
      Law Offices of Kenneth R. Hiller
      Attorneys for Plaintiff
      2001 Niagara Falls Boulevard
      Amherst, New York 14228
      (716) 564-3288