UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER M. RAYDOS,

                Plaintiff,

       v.

COHEN & SLAMOWITZ, LLP and
METRO PORTFOLIOS, INC.,

                Defendants.

**DECISION AND ORDER**
08-CV-4A

---

## INTRODUCTION

At a pretrial conference on July 7, 2009, this Court gave the parties notice and an opportunity to submit briefing regarding its *sua sponte* inquiry about subject matter jurisdiction. The Court asked the parties to address two questions: whether the *Rooker-Feldman* doctrine[1] or the full faith and credit statute[2] deprives this Court of jurisdiction over this case; and, if the Court had jurisdiction, what the applicable statute of limitations should have been in an underlying state lawsuit that concluded with a default judgment against plaintiff. The parties have submitted supplemental briefing addressing these two questions. Oral argument

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] 28 U.S.C. § 1738.

regarding these two questions was held on August 31, 2009. For the reasons below, the Court finds that the full faith and credit statute does deprive it of subject matter jurisdiction over this case. Consequently, the Court will dismiss this case.

## BACKGROUND

This case concerns allegations of improper debt collection practices that violated the Fair Debt Collection and Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. In approximately January 2001, plaintiff opened a credit card account with Providian National Bank. In February 2002, plaintiff failed to make a payment that was due then. As a result, plaintiff defaulted on his credit card debt. Plaintiff's credit card debt was assigned more than once thereafter, but was assigned to defendant Metro Portfolios, Inc. ("Metro Portfolios") no later than January 2007.

Metro Portfolios hired defendant Cohen & Slamowitz, LLP ("Cohen"), a law firm, to collect the debt. On January 5, 2007, with permission from Metro Portfolios, Cohen filed a lawsuit (the "State Lawsuit") against plaintiff in Lockport City Court to recover the credit card debt that plaintiff owed. Plaintiff does not contest that he was served with a copy of the summons and complaint from the State Lawsuit. Although he was served in connection with the State Lawsuit, plaintiff did not appear in it or otherwise defend against it. On April 13, 2007, the

Lockport City Court Clerk entered a default judgment (the "State Judgment") against plaintiff in the State Lawsuit in the amount of $1,674.97.

According to plaintiff's complaint, plaintiff and defendants communicated with each other for the first time in a telephone conversation in November 2007. In this telephone conversation, defendants informed plaintiff that a judgment had been entered against him with respect to the defaulted credit card debt. Later that month, plaintiff sent Cohen a letter disputing his liability for the debt in question. Despite the letter disputing liability, plaintiff contends, defendants proceeded to enforce the State Judgment by arranging with the Niagara County Sheriff for wage garnishment and restraint of plaintiff's bank account. Plaintiff ultimately paid defendants $1,944.36.

On January 3, 2008, plaintiff filed the complaint in this case. In the single cause of action listed in the complaint, plaintiff accused defendants of two types of conduct that violated various provisions of the FDCPA. First, plaintiff alleged that defendants attempted to collect the debt in question without adequate proof or verification. Plaintiff later withdrew this claim through a motion to dismiss that he filed on June 29, 2009 and that the Court granted on August 19, 2009. Second, plaintiff alleged that defendants commenced the State Lawsuit after the applicable statute of limitations expired. This allegation is the remaining basis for this case. Plaintiff contends that New Hampshire law would have controlled and

would have set the applicable limitations period for the State Lawsuit at three years, which would have made the State Lawsuit untimely by about two years. Defendants contend that the applicable limitations period would have been six years because either New York or Utah law would have controlled.

Plaintiff concluded the complaint with demands for actual and statutory damages, along with costs, disbursements, and reasonable attorney fees. Plaintiff withdrew the demand for actual damages through a second motion to dismiss that he filed on July 20, 2009 and that this Court granted on August 19, 2009.

After discovery ended and after mediation concluded unsuccessfully, this Court set a trial date of July 21, 2009. Upon reviewing the parties' pretrial submissions, however, the Court became concerned that determining what the applicable statute of limitations should have been in the State Lawsuit emerged as the primary issue to be resolved, either through motions *in limine* or at trial. In particular, the Court became concerned that commenting on the applicable statute of limitations for the State Lawsuit necessarily would require commenting on the validity of the State Judgment in violation of the *Rooker-Feldman* doctrine or the full faith and credit statute. At the final pretrial conference, the Court gave the parties notice that it would review its jurisdiction over this case *sua sponte*. The parties then were given an opportunity to brief and to argue the two questions noted above.

## DISCUSSION

Plaintiff's decision to withdraw his claim for actual damages narrowly moots the Court's concern about the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it. Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear." *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005). Initially, plaintiff sought actual damages in addition to statutory damages. The actual damages, presumably, would have included the $1,944.36 that defendants collected from plaintiff to satisfy the debt in question. Defendants would have had no right to collect that money without the State Judgment. The State Judgment, therefore, caused at least part of any actual damages that plaintiff could have claimed in this case. Since plaintiff has withdrawn his actual damages claim, there are no alleged damages left that arose directly from the Lockport City Court Clerk's act of entering the State Judgment.

Nonetheless, a review of the full faith and credit statute remains necessary. The parties have asked the Court to declare what limitations period applied to the State Lawsuit. The Court might have resolved that issue if defendants here

merely threatened a lawsuit, or perhaps filed one but never prosecuted it to ultimate disposition. Here, though, the conclusion of the State Lawsuit with a judgment, albeit judgment by default, warrants a more cautious approach to ensure that the finality, if any, of the State Judgment receives appropriate respect.

### *Full Faith and Credit*

Judgments of any New York court "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738; *see also Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 481–82 (1982) ("It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which the judgment is taken.") (citation omitted). Under Section 1738, this Court is required "to give preclusive effect to state court judgments whenever the courts of that state would do so." *Bray v. N.Y. Life Ins.*, 851 F.2d 60, 62 (2d Cir. 1988). The Court must turn to New York law to determine what finality New York courts would assign to a judgment from a New York lawsuit that could have been dismissed on statute of limitations grounds—according to plaintiff—but was not.

Plaintiff's decision not to argue the issue of the statute of limitations in state court constitutes a waiver of that argument. "A defense of the Statute of Limitations is deemed waived if not asserted in a timely fashion in either an answer or motion to dismiss." *State v. Nadell*, 579 N.Y.S.2d 216, 216 (App. Div. 3d Dep't 1992) (citation omitted). In plaintiff's remaining claim, he accuses defendants of commencing the State Lawsuit after the applicable limitations period expired. Implied in this claim is an assertion that the state judgment should not have happened, and that plaintiff never would have had money forcibly withdrawn from his bank account had defendants recognized the applicable statute of limitations and declined to file suit. Nonetheless, plaintiff never appeared in the State Lawsuit to act on these assertions, despite receiving service of process. The state judgment against plaintiff was entered on April 13, 2007. Even if the Court accepts the allegation in plaintiff's complaint that plaintiff did not know about the State Judgment or any effort to enforce it until November 2007, plaintiff had at least five months under New York law to appear in state court and to make a motion to vacate the judgment on the grounds of the statute of limitations. *See* N.Y. CPLR 5015(a)(1) ("The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving

7

party, or, if the moving party has entered the judgment or order, within one year after such entry."). The issue of the statute of limitations is one of the grounds for dismissal specified explicitly under New York law. *See* N.Y. CPLR 3211(a)(5) ("A party may move for judgment dismissing one or more causes of action asserted against him on the ground that . . . the cause of action may not be maintained because of . . . statute of limitations . . . ."). Plaintiff did not avail himself of these provisions of the CPLR in state court, and the time to do so appears to have expired. As a result, whatever the applicable of limitations in the State Lawsuit should have been, the State Judgment crystallized the resolution that the State Lawsuit was timely.

Once plaintiff waived his opportunity in state court to challenge attempts to collect the debt in question, he gave the State Judgment preclusive effect. "Under New York's transactional-analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy. The doctrine is applicable to a judgment taken by default which has not been vacated, as well as to defenses which were or could have been raised in the action." *Santiago v. Lalani*, 681 N.Y.S.2d 577, 578 (App. Div. 2d Dep't 1998) (internal quotation marks and citations omitted). Here, the State Lawsuit involved the same parties and gave plaintiff an opportunity to challenge the State Lawsuit as untimely and to challenge any

attempt at debt collection as improper. The State Judgment resolved the issue of the statute of limitations by establishing that the State Lawsuit definitively was timely. Plaintiff cannot separate his FDCPA claim from the State Judgment because there is no way to determine the applicable limitations period solely for the claim, without impacting the State Judgment. As a result, this case necessarily is an attempt to relitigate a claim whose resolution in state court deserves full faith and credit from this Court. Since plaintiff has no claims left that do not hinge on the statute of limitations, this case will be dismissed.

The central case that plaintiff cited in his supplemental briefing for this issue is distinguishable and does not change the Court's analysis. In arguing that the full faith and credit statute does not deprive this Court of jurisdiction, plaintiff quotes extensively from *Buford v. Palisades Collection, LLC*, 552 F. Supp. 2d 800 (N.D. Ill. 2008). Plaintiff notes correctly that the district court in *Buford* separated the act of filing an untimely lawsuit from the attempts to collect on debts that were the heart of the underlying state lawsuits. The critical distinction between *Buford* and this case, however, lies in the same statute of limitations issue that concerns the Court here. The debts in question in *Buford* were cellular telephone service debts. Federal law explicitly sets a two-year limitations period for lawsuits aimed at collecting cellular telephone service debts. *See* 47 U.S.C. § 415(a) ("All actions at law by carriers for recovery of their lawful charges, or any part thereof, shall be begun within two years from the time the cause of action accrues, and

9

not after."). Section 415 definitively resolved the applicable limitations period before and apart from any of the state judgments. The issue of the statute of limitations thus was not a part of the underlying state judgments. As a result, the district court in *Buford* could not be seen as revisiting an issue resolved by the underlying state judgments. In contrast, the issue of the statute of limitations in this case has been resolved solely because of the State Judgment. That resolution has a preclusive effect on this case. This Court will not revisit the issue of the statute of limitations or make any comment about it except to note that the State Lawsuit was timely as dictated by the State Judgment and the full faith and credit statute.

Plaintiff also has cited the cases of *Kelly v. Wolpoff & Abramson, L.L.P.*, No. 07-CV-91, 2007 WL 2381536 (D. Colo. Aug. 17, 2007); *Anderson v. Gamache & Myers, P.C.*, No. 07-CV-336, 2007 WL 1577610 (E.D. Mo. 2007); and *Zhang v. Haven-Scott Assocs., Inc.*, No. CIV.A. 95-2126, 1996 WL 355344 (E.D. Pa. 1996), in opposition to dismissal of this case. These cases hold under varying circumstances that FDCPA violations can be separated from underlying state litigation. None of these cases contains an issue about an applicable limitations period that a state judgment resolved and that a federal court was asked to revisit. These cases thus do not require a different conclusion.

## CONCLUSION

For all of the foregoing reasons, the Court hereby dismisses plaintiff's complaint in its entirety. The Clerk of the Court is directed to close this case.

SO ORDERED.

                                        *s/ Richard J. Arcara*
                                        HONORABLE RICHARD J. ARCARA
                                        CHIEF JUDGE
                                        UNITED STATES DISTRICT COURT

DATED: September 9, 2009